```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x
DAVID TUCKER,

                    Plaintiff,
                                              MEMORANDUM & ORDER
     -against-                                07-CV-5217(JS)(WDW)

R.V.C. HOUSING AUTHORITY,
JOHN G. DUENGES, KEVIN O'TOOLE,
MICHAEL MEEHAN, MICHAEL COLE,

                    Defendants.
---------------------------------x
APPEARANCES:
For Plaintiff:      David C. Tucker, Pro Se
                    8A Old Mill Court
                    Rockville Centre, NY 11570

For Defendants:
R.V.C. Housing      Dan M. Blumenthal, Esq.
Authority,          Ezratty, Ezratty & Levine
John G. Duenges     80 E. Old Country Rd.
                    Mineola, NY 11501

Kevin O'Toole       No appearance

Michael Meehan      William E. Morrissey, Jr., Esq.
                    Zaklukiewicz, Puzo & Morrissey, LLP
                    2941 Sunrise Highway
                    Islip Terrace, NY 11752

Michael Cole        No appearance
```

SEYBERT, District Judge:

On December 1, 2007, pro se Plaintiff David C. Tucker ("Tucker" or "Plaintiff") filed a Complaint alleging that Defendant Rockville Centre Housing Authority ("RVC") and John G. Duenges ("Duenges"), Executive Director of RVC, defamed Plaintiff and violated his constitutional rights by attempting to evict Plaintiff from his residence. This Court granted Plaintiff in forma pauperis status and, on March 10, 2009, granted Defendants' motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court also gave Plaintiff an opportunity to amend his Complaint in accordance with the Court's Order. Presently before the Court is Plaintiff's Amended Complaint.

BACKGROUND

I. Original Complaint

This case stems from a letter, allegedly sent by Duenges to Plaintiff's parents, who resided with Plaintiff. According to Plaintiff, the letter stated that Duenges was aware of Tucker's recent arrest and conviction, and directed Plaintiff's parents to remove his name from the lease by completing the enclosed "Tenant Vacate" form. The letter also stated that, under the adopted "One Strike Policy", Tucker was no longer allowed to live with his parents in their apartment. Finally, the letter allegedly warned that if Tucker continued to live in his parents' apartment, they would be in violation of their lease. Such violation would result in termination of the lease and their eviction.

In his original Complaint, Plaintiff claims that the attempted eviction violated his constitutional rights because, at the time the letter was sent, he had only been charged with an offense and had not yet been convicted. Moreover, the Complaint stated that the Defendants had defamed Plaintiff. Finally, Plaintiff claimed that the one-strike policy did not apply to Plaintiff's lease. In May 2008, Defendants filed a motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On March 10, 2009, ("the March 2009 Order") this Court granted Defendants' motion to dismiss and granted Plaintiff an opportunity to amend his Complaint in accordance with the Court's Order. In dismissing Plaintiff's 42 U.S.C. § 1983 claim, the Court stated that Plaintiff had not shown that he was, in fact, deprived of a property interest, nor that Defendants intentionally deprived Plaintiff of such an interest. Tucker v R.V.C. Housing Authority, et al., No. 07-CV-5217 (E.D.N.Y. Mar. 10, 2009) (citing McGriff v. Mun. Hous. Auth., No. 06-CV-4878, 2007 U.S. Dist. LEXIS 80312, at *3 (S.D.N.Y. Oct. 10, 2007)). Regarding Plaintiff's defamation claim, the Court noted that Plaintiff had failed to allege sufficient facts for either a claim of libel or slander under New York law. Specifically, the Court stated that Plaintiff had not indicated the alleged defamatory statements, and had not shown that such statements were false and made with an applicable level of fault. Accordingly, the Court dismissed Plaintiff's Complaint but gave him an opportunity to re-plead his defamation allegation and identify the Constitutional violation alleged in his Section 1983 claim.

II. Amended Complaint

On April 14, 2009, Plaintiff filed an Amended Complaint against John Duenges; Kevin O'Toole, Detective of the Rockville Centre Police Department; Michael Meehan, Detective of the

3

Rockville Centre Police Department; and Michael Cole as forensic scientist of the Nassau County Police Department (collectively "Defendants"), alleging violations of 42 U.S.C. § 1983, in relation to his pending eviction and state criminal case. (Am. Compl. ¶¶ 3-6.) Plaintiff attaches seventy-three pages of exhibits including, <u>inter</u> <u>alia</u>, Duenges' letter to Plaintiff informing him of the "one strike" provision, several notices of unpaid rent, various letters pertaining to Plaintiff's housing, state court documents, a habeas petition, and a power of attorney and health care proxy form.

While it is difficult for the Court to discern the exact nature of his claims, it appears that Plaintiff alleges that he plead guilty to a misdemeanor in Nassau County under duress of losing his Housing Authority Apartment, and that he should not be evicted because he is in the process of appealing his conviction. (Am. Compl. ¶¶ 6-7.) Plaintiff makes scattered references such as Defendants committed "random acts of conspiracy," and "Defendants fail to prevent a conspiracy between David Tucker and family federal-subsidized landlord John G. Duenges . . . ." Plaintiff seeks, among other things, that this Court assume jurisdiction over his state court proceedings, and prevent defendant Duenges from evicting Plaintiff from his home, pending an appeal from his criminal conviction.

DISCUSSION

I.  Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se Plaintiff liberally, particularly allegations of civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Notwithstanding the liberal pleading standards, all complaints and amended complaints must contain at least "some minimum level of factual support for their claims," Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple,

5

concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. See FED. R. CIV. P. 8; Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. See Alfaro Motors, 814 F.2d at 887.

II. 42 U.S.C. § 1983

Plaintiff's Amended Complaint fails to allege that the Plaintiff's injuries were caused by a cognizable Constitutional claim pursuant to 42 U.S.C. § 1983. As the Court set forth in the March 2009 Order, to state a claim under Section 1983, "a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Liberally read, Plaintiff's Amended Complaint asserts that Plaintiff is being deprived of a property interest in his lease. However, as stated in this Court's March 2009 Order, Plaintiff fails to allege that he was, in fact, deprived of a property interest, or that Defendants intentionally deprived

Plaintiff of such an interest. Plaintiff's Amended Complaint seeks to stay any notice of eviction pending an appeal of his criminal conviction. As noted previously, this allegation fails to show that Plaintiff was actually removed from his property and deprived of his leasehold interest, and fails to indicate how the removal was procedurally defect. See McGriff v. Mun. Hous. Auth., No. 06-CV-4878, 2007 U.S. Dist. LEXIS 80312, at *3-4 (S.D.N.Y. Oct. 10, 2007) (citing Silberman v. Biderman, 735 F. Supp. 1138, 1151-52 (E.D.N.Y. 1990) ("[A] notice of a proceeding which could deprive plaintiff of property did not constitute a deprivation of property within the meaning of the Fifth and Fourteenth Amendments").

To the extent that Plaintiff argues that the one-strike policy is inapplicable, RVC, as a public housing authority, is required to utilize leases stating

> that any criminal activity that threatens the health, safety, or right to peaceful enjoyment of the premises by other tenants or any drug-related criminal activity on or off such premises, engaged in by a public housing tenant, any member of the tenant's household, or any guest or other person under the tenant's control, shall be cause for termination of tenancy . . . .

42 U.S.C. § 1437d. Plaintiff has not shown how or why his lease would be exempt from this mandatory policy.

To the extent that Plaintiff seeks to sue the newly added Defendants Kevin O'Toole, Detective of the Rockville Centre Police Department; Michael Meehan, Detective of the Rockville Centre

Police Department; and Michael Cole as forensic scientist of the Nassau County Police Department, his allegations fail to state a claim. At best it appears that Plaintiff seeks to sue these officials because Plaintiff "accepted a plea to one misdemeanor conviction, in a closed courtroom (to wit) under duress cause [sic] by John G. Duenges of the Rockville Centre Housing Authority and the Defendant Kevin O'Toole of the Rockville Centre Police Department in their close relationship as friends." (Am. Compl. at unnumbered pages 7-8.) Plaintiff's claims are not supported by any concrete examples of potential misconduct and, as such, are insufficient to state a claim pursuant to Section 1983. See Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002) (holding that complaints containing only conclusory, vague, or general allegations that defendants have engaged in a conspiracy to deprive a plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.) For these reasons as well as those set forth in this Court's March 2009 opinion, Plaintiff's Section 1983 claim is dismissed in its entirety.

III. 42 U.S.C. § 1985

Liberally reading Plaintiff's Amended Complaint, as required, to assert a conspiracy claim under 42 U.S.C. § 1985, such claim also fails. Plaintiff has also alleged a conspiracy to

8

violate his Constitutional rights in violation of Section 1985. In order to plausibly state a cognizable claim under the pertinent provisions of Section 1985, Plaintiff must allege that (1) he was a member of a protected class, (2) the Defendants conspired to deprive him of his protected constitutional rights, (3) the Defendants acted with class-based, invidiously discriminatory animus, and (4) he suffered damages as a result of the Defendants' actions. See 42 U.S.C. § 1985(2)-(3); Griffin v. Breckenridge, 403 U.S. 88, 102-103, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971). A plaintiff must aver some "class-based, invidious discriminatory animus behind the conspirators' action." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999). The plaintiff must also show "with at least some degree of particularity, overt acts which the defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." Id. at 147. "Vague or conclusory allegations," without more, are not enough to sustain a Section 1985 action. See Powell v. Workmen's Comp. Bd. of New York, 327 F.2d 131, 137 (2d Cir. 1964) ("It was incumbent upon [plaintiff] to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy."). Unlike Section 1983, private persons, as well as state actors, may be held liable under § 1985, provided, however, that the factual allegations demonstrate all of the essential elements of the claim.

9

Plaintiff has not alleged with any particularity the overt acts engaged in by Defendants. Plaintiff makes scattered references, such as Defendants committed "random acts of conspiracy," (Am. Compl. at unnumbered page 8), and "Defendants fail to prevent a conspiracy between David Tucker and family federal-subsidized landlord John G. Duenges . . . ." (Id.) Nothing in Plaintiff's allegations demonstrate that the above-mentioned elements of a Section 1985 claim have been met. Accordingly, this claim is DISMISSED.

IV. Rooker-Feldman and Younger Abstention

To the extent that Plaintiff seeks to challenge a state court conviction in federal court, or seeks federal court intervention in a pending state criminal case, this Court lacks jurisdiction to hear such claims. Within this Circuit, the Rooker-Feldman doctrine bars a plaintiff's claims if four conditions are satisfied: (1) the plaintiff in the federal action must have lost in state court; (2) the plaintiff must complain of injuries caused by the state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the plaintiff must have commenced the district court proceedings after the state court judgment was rendered. See, e.g., Finnan v. Ryan, No. 08-CV-0259, 2008 WL 4891162 at *3 (N.D.N.Y. Nov. 7, 2008) (citing Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 84-85 (2d Cir. 2005)). This doctrine

applies to state court judgments in both civil and criminal actions. See, e.g., Gentner v. Shulman, 55 F.3d 87 (2d Cir. 1995); Brown v. New York, 210 F. Supp. 2d 235 (S.D.N.Y. Nov. 16, 1999).

To the extent Plaintiff seeks to modify or reverse a state court criminal judgment in federal court by way of 42 U.S.C. § 1983, such claims must be dismissed. Similarly, to the extent Plaintiff seeks federal court intervention in an ongoing state criminal case, such claims are barred by Younger v. Harris, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Under Younger, federal courts may not interfere with pending state court criminal prosecutions, absent some extraordinary circumstance such as bad faith prosecution, patently unconstitutional laws, or the lack of an adequate process in state court for protecting the rights of the accused. Id. The Second Circuit has held that "Younger abstention is appropriate when: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court." Hansel v. Springfield, 56 F.3d 391, 393 (2d Cir. 1995), cert. denied, 516 U.S. 1012, 116 S. Ct. 572, 133 L. Ed. 2d 496 (1995). Here, to the extent that Plaintiff's criminal case is still pending, he has not alleged any facts that would bring his case within any exception for extraordinary circumstances. Accordingly, any claims arising from a pending criminal case are DISMISSED.

V.  Defamation Claim

As with Plaintiff's December 2007 Complaint, Plaintiff's Amended Complaint fails to allege sufficient facts for either a claim of libel or slander under New York law.  Plaintiff's Amended Complaint does not cure the defects in his December 2007 Complaint, because he does not indicate the alleged defamatory statements, and does not show that such statements were false and made with an applicable level of fault.  Therefore, the Court DISMISSES Plaintiff's defamation claim with prejudice.

VI. Leave to Amend

Generally, a district court should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Aquino v. Prudential Life and Casualty Ins. Co., 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005) (citing Thompson v. Carter, 284 F.3d 411, 419, (2d Cir. 2002); Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).  Nevertheless, "[f]utility is a valid reason for denying a motion to amend . . . where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims."  Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2d 1999) (internal quotation marks and citations omitted).

Plaintiff has previously been accorded leave to amend, and he has still failed to present any arguably meritorious claims.  Despite the liberal reading the Court has given to Plaintiff's

12

Amended Complaint, the Court finds that further amendment would be futile.  See Strunk v. U.S. House of Representatives, 68 Fed. Appx. 233 (2d Cir. 2003) (upholding dismissal of pro se complaint when litigant was given specific instruction for curing defects in each order but failed to comply); Marchi v. Bd. of Coop. Educ. Servs. of Albany, 173 F.3d 469, 478 (2d Cir. 1999), cert. denied, 528 U.S. 869, 120 S. Ct. 169, 145 L. Ed. 2d 143 (1999).  Accordingly, the Complaint is DISMISSED with prejudice.

## CONCLUSION

For the reasons set forth above and for the reasons set forth in this Court's March 2009 Order, the Amended Complaint is DISMISSED, sua sponte, with prejudice.  The Clerk of the Court is directed to mail a copy of this Order to Plaintiff by regular first class mail and by certified mail, return receipt requested, and is directed to close this case.  Additionally, the Clerk of the Court is directed to terminate all pending motions and mark this matter CLOSED.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   October 18, 2009
         Central Islip, New York